J. SCOTT GERIEN, State Bar No. 184728
JOY L. DURAND, State Bar No. 245413
DICKENSON, PEATMAN & FOGARTY
1455 First Street, Suite 301
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Plaintiffs
JACKSON FAMILY WINES, INC.
and LC TM HOLDING, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| Jackson Family Wines, Inc. and LC TM Holding, LLC,<br><br>    Plaintiffs,<br><br>vs.<br><br>E. & J. Gallo Winery,<br><br>    Defendant. | CASE NO.<br><br>**COMPLAINT**<br><br>1. **Federal Trademark Infringement**<br>2. **Federal Unfair Competition and False Designation Of Origin**<br>3. **California Trademark Dilution**<br>4. **Unfair Competition Under Cal. Bus. & Prof. Code §17200**<br>5. **Common Law Trademark Infringement**<br>6. **Common Law Unfair Competition**<br>7. **Cancellation of Trademarks**<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

Plaintiffs, Jackson Family Wines, Inc. and LC TM Holding, LLC (collectively, "Plaintiffs"), for their Complaint against defendant E. & J. Gallo Winery ("Defendant"), allege, upon personal knowledge with respect to themselves and their acts, and upon information and belief as to all other matters, as follows:

## NATURE OF ACTION

1. This action arises from Defendant's willful infringement of Plaintiffs' trademark rights by using a trademark for its wine that is confusingly similar to Plaintiffs' well-known LA CREMA® trademark. Under these circumstances, consumer confusion is inevitable. This

COMPLAINT; DEMAND
FOR JURY TRIAL

1

Complaint asserts causes of action under the federal Lanham Act for infringement of a federally registered trademark (15 U.S.C. §1114), federal unfair competition and false designation of origin (15 U.S.C. §1125(a)), California Trademark Dilution (Cal. Bus. & Prof. Code §14247), California unfair competition (Cal. Bus. & Prof. Code §17200) and common law trademark infringement and unfair competition, as the result of the willful and unauthorized use by Defendant of colorable imitations of Plaintiffs' LA CREMA® trademark, as more fully set forth hereinafter. This Complaint also asserts a cause of action for cancellation of Defendant's U.S. Trademark Registration Nos. 2,881,734; 4,450.260; and 6,086,056. Plaintiffs seek preliminary and permanent injunctive relief restraining Defendant's infringement of Plaintiffs' LA CREMA® trademark, monetary damages, attorneys' fees, and related relief.

## THE PARTIES

2. Plaintiff, Jackson Family Wines, Inc. ("JFW"), is a corporation organized under the laws of the state of Delaware with its principal place of business at 421 Aviation Boulevard, Santa Rosa, California 95403. JFW is the exclusive licensee of the LA CREMA® trademark.

3. Plaintiff, LC TM Holding, LLC ("LC TM"), is a limited liability company organized under the laws of the state of Delaware with its principal place of business at 421 Aviation Boulevard, Santa Rosa, California 95403. LC TM is the owner and licensor of the LA CREMA® trademark.

4. Defendant E. & J. Gallo Winery ("Gallo") is a corporation organized under the laws of the state of California with its principal place of business at 600 Yosemite Boulevard, Modesto, California 95354. Gallo produces wine products featuring the CASK & CREAM trademark.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiffs' claims under and pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338(a), as the claims arise under the federal Lanham Act, 15 U.S.C. §§1116-1127. This Court also has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. §1338(b).

6. Defendant, either directly or through their agents, transacted business in the State

of California and within this judicial district, as more specifically set forth below, and expected or should reasonably have expected their acts to have consequence in the State of California and within this judicial district.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as Defendant is doing business in this judicial district and therefore may be found in this district, and/or as a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district, and/or the infringement occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

8. Pursuant to Civil Local Rule 3-2(c) this is an intellectual property matter which is to be assigned on a district-wide basis.

## ALLEGATIONS COMMON TO ALL CLAIMS

### *Plaintiffs and Their Well-Known LA CREMA® Mark*

9. JFW is a leading producer of highly acclaimed, premium wine varietals marketed and sold under the trademark LA CREMA®. Plaintiffs have dedicated substantial efforts and resources to developing and producing their renowned LA CREMA® wines featuring the Burgundian varietals Chardonnay and Pinot Noir as well as Pinot Gris, Pinot Noir Rosé, Sauvignon Blanc and Sparkling Brut Rosé. LA CREMA® wines are crafted to reflect the distinct character of six of the finest California appellations—Russian River Valley, Los Carneros, Anderson Valley, Sonoma Coast, Monterey, and Arroyo Seco—and also one of the finest Oregon appellations: Willamette Valley. As a result of their efforts and acclaimed wine making, Plaintiffs' wines are widely considered by consumers and industry experts to be among the finest in the United States.

10. LA CREMA® wines are distributed nationwide. From fiscal year 2016 to fiscal year 2020, JFW sold over eighty million (80,000,000) bottles of LA CREMA® wine. In fiscal year 2020, alone, JFW sold over fifteen million (15,000,000) bottles of LA CREMA® wine. In 2020, Plaintiffs' LA CREMA® brand was recognized as the number 16 "Blue Chip" Brand in the U.S. by Impact, the number one source of data, trends and analysis in the drinks industry. To earn "Blue Chip" honors, brands must show at least 10 consecutive years of volume growth, or

COMPLAINT; DEMAND FOR JURY TRIAL     3

average annual compound growth of at least 0.5% from 2009 through 2019 with positive growth in at least eight of those 10 years. In addition, the brands must have maintained gross margins of at least $25 million in 2019.

11. Since as early as October of 1987, the inherently distinctive trademark LA CREMA® has been used by Plaintiffs and their predecessor in interest to market and sell wines throughout the United States.

12. Plaintiffs have devoted substantial time, effort, and resources to the development and extensive promotion of the LA CREMA® trademark and the wines offered in connection with that brand. Plaintiffs have invested many millions of dollars on marketing and advertising the LA CREMA® brand. As a result of Plaintiffs' efforts and the superior quality of the wines offered under the LA CREMA® trademark, the public has come to recognize and rely upon the LA CREMA® trademark as an indication of high quality wines and the LA CREMA® trademark enjoys substantial goodwill in the marketplace and is a valuable asset of Plaintiffs.

13. LC TM is the owner of the trademark LA CREMA® for wines as well as the owner of incontestable U.S. Trademark Registration No. 2,393,573 for LA CREMA® for wines in International 33, issued on October 10, 2000 with constructive rights dating back to November 12, 1999 (the "LA CREMA® Registration"). As indicated in the LA CREMA® Registration, the term LA CREMA translates into English as THE CREAM. Plaintiffs have used the LA CREMA® mark on and in association with wine since as early as October 1987, long prior to the acts of Defendant complained of herein.

14. The LA CREMA® Registration is incontestable and in full force and effect on the United States Patent and Trademark Office's ("USPTO") Principal Register and gives rise to presumptions in favor of LC TM with respect to validity, ownership, and exclusive rights to use the LA CREMA® mark throughout the United States.

15. LA CREMA® wines are enormously popular and have received numerous accolades and awards over the years.

16. The LA CREMA® brand has ranked among the top fifteen best-selling wines by the bottle in the U.S. for the last five years. In 2020, Plaintiffs' LA CREMA® Chardonnay

COMPLAINT; DEMAND FOR JURY TRIAL                   4

ranked as the second best-selling Chardonnay by the bottle in the U.S and the thirteenth best-selling wine overall. That same year, Plaintiffs' LA CREMA® Pinot Noir ranked as the third best-selling Pinot Noir by the bottle in the U.S. and the fifteenth best-selling wine overall.

17. Since 2002, dollar sales of LA CREMA® Chardonnay have annually outsold all other Chardonnays priced over $11 and dollar sales of LA CREMA® Pinot Noir have consistently been one of the top selling Pinot Noirs priced over $11 in the U.S. LA CREMA® Chardonnay is the #1 selling Chardonnay priced above $11 and LA CREMA® Pinot Noir is the #2 selling Pinot Noir priced above $11 in the U.S. based on dollar volume.

18. According to the Wine & Spirits Magazine Annual Restaurant Poll, LA CREMA® has been voted as one of the top 50 most popular wines in America's top restaurants from 2007-2018. In the 2018 poll, the LA CREMA® Monterey Pinot Noir tied for Second Place for wines by the glass.

19. Plaintiffs' LA CREMA® wines also received widespread attention from third party wine critics and media. Since 2015, LA CREMA® wines have received over two hundred and fifty scores of 90 points or above from leading wine publications. In 2020 alone, LA CREMA® wines were awarded over fifteen scores of 90 points or above by *Wine Enthusiast* magazine and Robert Parker's *Wine Advocate*.

20. As a result of Plaintiffs' widespread use of the LA CREMA® mark in the United States, extensive advertising and promotion of the wines sold in connection with the LA CREMA® trademark, and the brand's continuous and unsolicited media coverage, the LA CREMA® trademark enjoys a high degree of consumer recognition and has become a famous mark.

### *Defendant's Historical Use of the CASK & CREAM Mark for Liqueur*

21. Upon information and belief, Defendant first used the mark CASK & CREAM in connection with liqueur in August 1996.

22. Defendant owns U.S. Trademark Registration No. 2,881,734 for the mark CASK & CREAM for brandy in International Class 33 which was filed on September 10, 2003 and issued on September 7, 2004. In such registration, Defendant alleges its first use of the CASK &

COMPLAINT; DEMAND FOR JURY TRIAL     5

CREAM mark in commerce for brandy occurred on August 1, 1996.

23. On or about January 16, 2013, Defendant filed U.S. Trademark Application Serial No. 85/825,124 for the mark CASK & CREAM for "alcoholic beverages except beers." Plaintiffs objected to the description of the goods recited in such application, i.e. "alcoholic beverages except beers," because it encompassed wine. In response, Defendant informed Plaintiffs "that the CASK & CREAM mark will not be used on wine, but rather distilled spirits which include cream liquor." To address Plaintiffs' concerns, Defendant "agreed to amend the description of goods for the CASK & CREAM application from 'alcoholic beverages except beers' to 'distilled spirits.'" Such written agreement was executed by Defendant on or about October 3, 2013 (the "CASK & CREAM Agreement").

24. On or about October 25, 2013, Defendant filed a request with the USPTO to amend the description of the goods in U.S. Trademark Application Serial No. 85/825,124 from "alcoholic beverages except beers" to "distilled spirits." Such amendment was completed by the USPTO on October 29, 2013 and Registration No. 4,450,260 for "distilled spirits" in International Class 33 was issued to Defendant on December 17, 2013.

25. Defendant also owns U.S. Trademark Registration No. 6,086,056 for alcoholic beverages except beers in International Class 33 which was filed on June 29, 2017 and issued on June 23, 2020. Defendant's Trademark Registration Nos. 2,881,734; 4,450,260; and 6,086,056 are hereinafter collectively referred to as "Defendant's CASK & CREAM Liqueur Registrations."

26. Upon information and belief, Defendant has stopped using its CASK & CREAM mark in connection with the production and sale of liqueur with the intent to start use of the CASK & CREAM mark on wine instead.

***Defendant's Bad Faith Adoption of the Infringing CASK & CREAM Mark for Wine***

27. Notwithstanding its agreement with Plaintiffs to not use the CASK & CREAM mark on wine, and despite understanding Plaintiffs' strong rights in the LA CREMA® brand, upon information and belief, Defendant has used the CASK & CREAM mark for wine in commerce or such use is imminent as explained in greater detail below.

COMPLAINT; DEMAND FOR JURY TRIAL  6

28. On March 15, 2019, Defendant filed U.S. Trademark Application Serial No. 88/341,661 for the mark CASK & CREAM for "wines" in International Class 33 (the "CASK & CREAM Wine Application"). The CASK & CREAM Wine Application was filed based upon Defendant's alleged intent to use the mark for wine in commerce and published for opposition by the USPTO on March 10, 2020.

29. On or about April 9, 2020, Plaintiffs filed, and the Trademark Trial and Appeal Board ("TTAB") granted, a request for an extension of time to oppose the CASK & CREAM Wine Application.

30. On or about April 10, 2020, Plaintiffs forwarded the CASK & CREAM Agreement to Defendant and inquired whether Defendant had plans to use the CASK & CREAM mark on wine. On or about June 24, 2020, Defendant confirmed that it had plans to develop the CASK & CREAM mark for use on wine.

31. On July 8, 2020, LC TM filed a Notice of Opposition with the TTAB opposing the CASK & CREAM Wine Application, and the opposition proceeding was assigned Opposition No. 91263511 (the "TTAB Opposition Proceeding").

32. On March 3, 2021, in response to discovery requests served by Plaintiffs on Defendant in the TTAB Opposition Proceeding, Defendant provided copies to Plaintiffs of three Certificates of Label Approval ("COLAs") that Defendant obtained from the U.S. Alcohol and Tobacco Tax and Trade Bureau ("TTB") for wine labels featuring the brand name CASK & CREAM (COLA TTB ID Nos. 21040001000987, 21040001001031 and 21040001001043). Such labels as reflected in the COLAs are shown below:

///

///

///

///

///

///

///

**COLA TTB ID No. 21040001000987**



**COLA TTB ID No. 21040001001031**



COMPLAINT; DEMAND FOR JURY TRIAL

8

**COLA TTB ID No. 21040001001043**



33. The issuance of a COLA by the TTB is a legal prerequisite for the release of a wine into U.S. commerce. The issuance of a COLA by TTB does not reflect any approval of use of a brand on a label as a trademark, but rather indicates that the label complies with requirements for use of the label under the Federal Alcohol Administration Act by indicating things such as alcohol by volume content and the Surgeon General's Warning.

34. The COLAs issued to Defendant indicate that the wine featuring the CASK & CREAM mark is being labeled in St. Helena, California, in the County of Napa, within this judicial district.

35. Upon information and belief, the wine featuring the CASK & CREAM mark has been produced and bottled by Defendant in this judicial district and Defendant has plans to begin selling and shipping the CASK & CREAM wine imminently.

36. Plaintiffs attempted to resolve this dispute with Defendant before filing this lawsuit, but Defendant disputed Plaintiffs' claims and advised Plaintiffs that Defendant did not wish to discuss potentially resolving the dispute.

### *Further Allegations*

37. The CASK & CREAM mark is confusingly similar to Plaintiffs' LA CREMA® mark, given that the marks are similar in sight, sound and meaning and are used on the identical goods, namely California wine. In two presentations of the mark on Defendant's labels, Defendant also emphasizes the word CREAM by using a brighter color or more distinctive font than is used for the word CASK, thereby demonstrating Defendant's intent to capitalize on

Plaintiffs' trademark.

38. Defendant's use of the CASK & CREAM mark is likely to confuse consumers into believing that Defendant's CASK & CREAM wine is affiliated with, associated with, connected to, or sponsored by Plaintiffs and their well-known LA CREMA® wine, and Defendant will unjustly benefit from such association.

39. Defendant's infringing use of the CASK & CREAM mark will unjustly increase the profitability of Defendant's CASK & CREAM wine to the detriment of Plaintiffs and at no cost to Defendant.

40. Plaintiffs will be further harmed as consumers will purchase the CASK & CREAM wine believing it to be affiliated with, associated with, connected to, or sponsored by Plaintiffs, and thereby forego purchase of Plaintiffs' wine under the LA CREMA® mark, resulting in loss of sales to Plaintiffs from Defendant's unfair competition.

41. Defendant's infringing use of the confusingly similar CASK & CREAM mark will financially harm Plaintiffs by diminishing the value of Plaintiffs' LA CREMA® mark.

42. Defendant's use of the CASK & CREAM mark will endanger the ability of Plaintiffs' LA CREMA® mark to serve as a unique and distinctive source indicator for Plaintiffs and/or Plaintiffs' goods.

43. Unless restrained by this Court, Defendant will unfairly compete with Plaintiffs by using the CASK & CREAM mark, and Plaintiffs are without adequate remedy at law.

44. This case is an exceptional case entitling Plaintiffs to treble damages and attorneys' fees, and Defendant's conduct further entitles Plaintiffs to punitive damages.

45. Despite Plaintiffs' attempts to resolve this dispute amicably, Defendant has persisted in using the infringing CASK & CREAM mark, leaving Plaintiffs no choice but to file this Complaint.

**FIRST CAUSE OF ACTION**

(Federal Trademark Infringement under 15 U.S.C. §1114)

46. Defendant's actions as described above and Defendant's use of the CASK & CREAM mark in commerce constitute trademark infringement in violation of Section 32 of the

Lanham Act, 15 U.S.C. §1114.

47. Defendant's adoption and use of a mark so similar to Plaintiffs' LA CREMA® mark will cause irreparable injury to the value and goodwill of the LA CREMA® mark, as well as to Plaintiffs' business, goodwill, and reputation. Defendant's actions, if not enjoined, will continue. Plaintiffs have no adequate remedy at law in that the amount of its damages is difficult to ascertain with certainty.

48. As a result of Defendant's infringement, Plaintiff has incurred damages in an amount to be proven at trial.

49. Defendant's actions as described above are deliberate, willful, fraudulent and without any extenuating circumstances, and constitute a knowing violation of Plaintiffs' rights. Plaintiffs are therefore entitled to recover three times the amount of their actual damages, and attorneys' fees and costs incurred in this action, as this is an "exceptional" case under Section 35 of the Lanham Act, 15 U.S.C. §1117.

## **SECOND CAUSE OF ACTION**

(Federal Unfair Competition and False Designation of Origin under 15 U.S.C. §1125)

50. Defendant's actions as described above and Defendant's use of the CASK & CREAM mark in commerce constitute unfair competition and false designation of origin in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125.

51. Defendant's adoption and use of a mark so similar to Plaintiffs' LA CREMA® mark will cause irreparable injury to the value and goodwill of the LA CREMA® mark, as well as to Plaintiffs' business, goodwill, and reputation. Defendant's actions, if not enjoined, will continue. Plaintiffs' have no adequate remedy at law in that the amount of their damages is difficult to ascertain with certainty.

52. As a result of Defendant's infringement, Plaintiffs have incurred damages in an amount to be proven at trial.

53. Defendant's actions as described above are deliberate, willful, fraudulent and without any extenuating circumstances, and constitute a knowing violation of Plaintiffs' rights. Plaintiffs are therefore entitled to recover three times the amount of its actual damages, and

attorneys' fees and costs incurred in this action, as this is an "exceptional" case under Section 35 of the Lanham Act, 15 U.S.C. §1117.

### THIRD CAUSE OF ACTION

(Trademark Dilution under Cal. Bus. & Prof. Code §14247)

54. The LA CREMA® trademark is distinctive and famous within the meaning of Cal. Bus. & Prof. Code §14247.

55. Defendant's use of the CASK & CREAM trademark on wine began after the LA CREMA® trademark became famous.

56. Defendant's continued use of the CASK & CREAM trademark is likely to cause injury to Plaintiffs' business and reputation and the dilution of the distinctive quality of Plaintiffs' famous LA CREMA® trademark in violation of Cal. Bus. & Prof. Code § 14247.

57. Plaintiffs have been, and will continue to be, damaged and irreparably harmed by the actions of the Defendant, which will continue unless Defendant is enjoined by this Court.

58. Plaintiffs have no adequate remedy at law in that the amount of damage to Plaintiffs' business and reputation and the diminution of the goodwill of the LA CREMA® trademark is difficult to ascertain with specificity. Plaintiffs are therefore entitled to injunctive relief pursuant to Cal. Bus. & Prof. Code § 14247.

59. The actions of Defendant described herein were and continue to be deliberate and willful. Plaintiffs are therefore entitled to recover damages in an amount to be determined at trial, profits made by Defendant on the sales of its wine products, and the costs of this action pursuant to Cal. Bus. & Prof. Code §§ 14247 and 14250.

### FOURTH CAUSE OF ACTION

(State Unfair Competition under Cal. Bus. & Prof. Code §17200)

60. Defendant's actions described above related to use of the CASK & CREAM mark in commerce constitute unlawful, unfair or fraudulent business acts or practices in violation of Cal. Bus. & Prof. Code §17200.

///

///

COMPLAINT; DEMAND FOR JURY TRIAL

12

## FIFTH CAUSE OF ACTION

(Common Law Trademark Infringement)

61. The Defendant's above-averred actions constitute trademark infringement and passing off in violation of the common law of California.

## SIXTH CAUSE OF ACTION

(Common Law Unfair Competition)

62. The Defendant's above-averred actions constitute a false designation of origin in violation of the common law of California.

## SEVENTH CAUSE OF ACTION

(Cancellation of U.S. Trademark Registration No. 2,881,734

under 15 U.S.C. §§ 1064, 1119, 1127)

63. Plaintiffs are likely to be damaged by continued registration of Defendant's CASK & CREAM mark as reflected in U.S. Trademark Registration No. 2,881,734 because it is similar to Plaintiffs' LA CREMA® mark and Defendant's CASK & CREAM mark set forth in U.S. Trademark Registration No. 2,881,734 is used on related and/or identical goods.

64. Upon information and belief, Defendant has ceased using the CASK & CREAM mark reflected in U.S. Trademark Registration No. 2,881,734 for brandy and has no intent to resume use in U.S. commerce of the mark CASK & CREAM on or in connection with brandy.

65. Upon information and belief, due *inter alia* to Defendant's lack of use of the mark CASK & CREAM in connection with brandy in U.S. commerce, the mark has lost all significance as an identifier of source and/or indicator of origin for brandy among consumers.

66. Accordingly, Defendant's CASK & CREAM mark should be declared abandoned pursuant to the Lanham Act § 45, 15 U.S.C. § 1127 and U.S. Trademark Registration No. 2,881,734 should be cancelled in accordance with Lanham Act §14, 15 U.S.C. § 1064(3).

67. Continued registration of the mark shown in U.S. Trademark Registration No. 2,881,734 will result in damage to Plaintiffs pursuant to the allegations set forth above, and will create a cloud on the lawful right of Plaintiffs to use the mark LA CREMA® for wines.

COMPLAINT; DEMAND FOR JURY TRIAL                    13

68. Therefore, this Court should order cancellation of U.S. Trademark Registration No. 2,881,734 pursuant to Lanham Act §14, 15 U.S.C 1119.

### EIGHTH CAUSE OF ACTION

(Cancellation of U.S. Trademark Registration No. 4,450,260

under 15 U.S.C. §§ 1051, 1064, 1119)

69. Plaintiffs are likely to be damaged by continued registration of Defendant's CASK & CREAM mark as reflected in U.S. Trademark Registration No. 4,450,260 because it is similar to Plaintiffs' LA CREMA® mark and Defendant's CASK & CREAM mark set forth in U.S. Trademark Registration No. 4,450,260 is used on related and/or identical goods.

70. Upon information and belief, Defendant has ceased using the CASK & CREAM mark reflected in U.S. Trademark Registration No. 4,450,260 for distilled spirits and has no intent to resume use in U.S. commerce of the mark CASK & CREAM on or in connection with distilled spirits.

71. Upon information and belief, due *inter alia* to Defendant's lack of use of the mark CASK & CREAM in connection with distilled spirits in U.S. commerce, the mark has lost all significance as an identifier of source and/or indicator of origin for distilled spirits among consumers.

72. Accordingly, Defendant's CASK & CREAM mark should be declared abandoned pursuant to the Lanham Act § 45, 15 U.S.C. § 1127 and U.S. Trademark Registration No. 4,450,260 should be cancelled in accordance with Lanham Act §14, 15 U.S.C. § 1064(3).

73. Upon information and belief, U.S. Trademark Registration No. 4,450,260 is void *ab initio* as the CASK & CREAM mark was not legally used in commerce by Defendant in association with distilled spirits when Defendant filed the Declaration of Use under Section 8 for Reg. No. 4,450,260 on April 10, 2019. As such. U.S. Trademark Registration No. 4,450,260 should be cancelled in accordance with Lanham Act § 1, 15 U.S.C. § 1051(a).

74. Upon information and belief, Defendant knowingly submitted specimens of use of the CASK & CREAM mark in U.S. commerce that were false and did not represent legal use

in commerce of the mark by Defendant with the intent to deceive the USPTO, and the knowing submission of such false specimens in connection with U.S. Trademark Registration No. 4,450,260 along with Defendant's statement that the mark was currently in use in U.S. Commerce by Defendant was a material misrepresentation to USPTO. Accordingly, U.S. Trademark Registration No. 4,450,260 should be cancelled on the basis of fraud.

75. Continued registration of the mark shown in U.S. Trademark Registration No. 4,450,260 will result in damage to Plaintiffs pursuant to the allegations set forth above, and will create a cloud on the lawful right of Plaintiffs to use the mark LA CREMA® for wines.

76. Therefore, this Court should order cancellation of U.S. Trademark Registration No. 4,450,260 pursuant to Lanham Act §14, 15 U.S.C 1119.

## NINTH CAUSE OF ACTION

(Cancellation of U.S. Trademark Registration No. 6,086,056

under 15 U.S.C. §§ 1051, 1052, 1064, 1119)

77. Plaintiffs are likely to be damaged by continued registration of U.S. Trademark Registration No. 6,086,056 because there is a likelihood of confusion between Plaintiffs' LA CREMA® mark and Defendant's CASK & CREAM mark set forth in U.S. Trademark Registration No. 6,086,056 due to the high degree of similarity between the marks and the use of the marks on related and/or identical goods.

78. Plaintiffs' actual and constructive dates of first use for the LA CREMA® mark both precede Defendant's actual and constructive first use for the mark shown in U.S. Trademark Registration No. 6,086,056.

79. Defendant's mark as reflected in U.S. Trademark Registration No. 6,086,056.is likely to cause confusion, mistake or to deceive the public as it is extremely similar to Plaintiffs' LA CREMA® Mark and is allegedly used for alcoholic beverages except beers which are related to, and legally identical to, wine. Thus, there is a likelihood that a consumer would confuse Defendant's mark shown in U.S. Trademark Registration No. 6,086,056 with Plaintiffs' LA CREMA® mark or believe that there is an association between the parties or their goods.

80. Accordingly, Defendant's mark shown in U.S. Trademark Registration No.

6,086,056 is confusingly similar to Plaintiffs' LA CREMA® mark, such that Defendant is not entitled to the continued registration of the CASK & CREAM mark in accordance with Lanham Act § 2, 15 U.S.C. §1052(d).

81. Upon information and belief, Defendant's U.S. Trademark Registration No. 6,086,056 is void *ab initio* as the CASK & CREAM mark was not legally used in commerce by Defendant in association with the goods identified in U.S. Trademark Registration No. 6,086,056 when Defendant filed the Statement of Use on April 15, 2020 for Reg. No. 6,086,056. As such, Defendant's U.S. Trademark Registration No. 6,086,056 should be cancelled in accordance with Lanham Act § 1, 15 U.S.C. § 1051(a).

82. Upon information and belief, Defendant knowingly submitted specimens of use of the CASK & CREAM mark in U.S. commerce that were false and did not represent legal use in commerce of the mark by Defendant with the intent to deceive the USPTO, and the knowing submission of such false specimens in connection with U.S. Trademark Registration No. 6,086,056 along with Defendant's statement that the mark was currently in use in U.S. Commerce by Defendant was a material misrepresentation to USPTO. Accordingly, U.S. Trademark Registration No. 6,086,056 should be cancelled on the basis of fraud.

83. Continued registration of the mark shown in U.S. Trademark Registration No. 6,086,056 will result in damage to Plaintiffs pursuant to the allegations set forth above, and will create a cloud on the lawful right of Plaintiffs to use the mark LA CREMA® for wines.

84. Therefore, this Court should order cancellation of U.S. Trademark Registration No. 6,086,056 pursuant to Lanham Act §14, 15 U.S.C 1119.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

1. That Defendant and its principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under its direction and/or pursuant to its control, be preliminarily and permanently enjoined and restrained, from directly or indirectly:

    a. Using the term CASK & CREAM, or any term or mark confusingly

COMPLAINT; DEMAND FOR JURY TRIAL     16

similar to the LA CREMA® mark including but not limited to any mark encompassing the terms CREMA or CREAM, in connection with the advertisement, promotion, distribution, offering for sale or selling of alcoholic beverages, or products or services related to alcoholic beverages;

      b.      Performing any acts or using any trademarks, names, words, images or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Plaintiffs and Defendant are one in the same or are in some way connected or that Plaintiffs are a sponsor of Defendant or that the goods of Defendant originate with Plaintiffs or are likely to lead the trade or public to associate Defendant with Plaintiffs;

2.      That Defendant be required to file with the Court, and serve on Plaintiffs, a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief;

3.      That Defendant and its principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under its direction and/or pursuant to its control, be required to deliver up for destruction all advertising, promotional materials, point of sale materials, labels, caps, corks, neckers, packaging, and any other materials bearing the infringing mark together with all artwork, plates, molds, matrices and other means and materials for making and reproducing the same;

4.      That Defendant be ordered to recall infringing CASK & CREAM wine in distribution in the marketplace;

5.      That Defendant be adjudged to have violated 15 U.S.C. § 1114 by infringing Plaintiffs' LA CREMA® trademark;

6.      That Defendant be adjudged to have violated 15 U.S.C. § 1125(a) for unfairly competing against Plaintiffs by using a false designation of origin for Defendant's wine;

7.      That Defendant be adjudged to have unlawfully and unfairly competed against Plaintiffs under the laws of the State of California, Cal. Bus. & Prof. Code § 17200, *et seq.*;

COMPLAINT; DEMAND FOR JURY TRIAL       17

8. That Defendant be adjudged to have caused dilution of the LA CREMA® trademark under the laws of the State of California, Cal. Bus. & Prof. Code § 14247;

9. That Plaintiffs be awarded Defendant's profits derived by reason of said acts, or as determined by an accounting;

10. That Plaintiffs be awarded three times Defendant's profits and three times of all Plaintiffs' damages, suffered as a result of Defendant's willful, intentional, and deliberate acts in violation of the Lanham Act, as well as Plaintiffs' costs, attorneys' fees, and expenses in this suit under 15 U.S.C. § 1117;

11. That Plaintiff be awarded damages in an amount sufficient to compensate it for the damage caused by Defendant's unfair competition under Cal. Bus. & Prof. Code § § 17200 *et seq.*;

12. That Plaintiffs be awarded three times Defendant's profits and three times Plaintiffs' damages suffered as a result of the willful, intentional, and deliberate acts in violation of Cal. Bus. & Prof. Code §§ 14247 and 14250;

13. That the USPTO Commissioner of Trademarks be directed to cancel Defendant's CASK & CREAM Liqueur Registrations, namely trademark registration No. 2,881,734 issued September 7, 2004 for "brandy," trademark registration No. 4,450.260 issued December 17, 2013 for "distilled spirits," and trademark registration No. 6,086,056 issued June 23, 2020 for "alcoholic beverages except beers."

14. That Defendant be ordered to pay Plaintiffs monetary damages for the harm resulting from infringement of Plaintiffs' mark, in an amount to be determined at trial;

15. That Plaintiffs' damages be trebled and that Defendant be ordered to pay Plaintiffs' attorneys' fees on the basis that this is an exceptional case;

16. That Plaintiffs be awarded punitive damages as a result of Defendant's conduct;

17. That Plaintiffs be granted prejudgment and post judgment interest;

18. That Plaintiffs be granted costs associated with the prosecution of this action; and

19. That Plaintiffs have such other and further relief as this Court shall deem just and proper on the merits.

Dated: March 31, 2021

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By *(signature)*
J. Scott Gerien
Joy L. Durand

1455 First Street, Suite 301
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiffs,
JACKSON FAMILY WINES, INC.
and LC TM HOLDING, LLC

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby request a trial by jury in this matter.

Dated: March 31, 2021

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By *[signature]*
J. Scott Gerien
Joy L. Durand

1455 First Street, Suite 301
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiffs,
JACKSON FAMILY WINES, INC.
and LC TM HOLDING, LLC