1   J. SCOTT GERIEN (SBN 184728)
    JOY L. DURAND (SBN 245413)
2   DICKENSON, PEATMAN & FOGARTY
    1455 First Street, Suite 301
3   Napa, California 94559
    Telephone: (707) 252-7122
4   Facsimile: (707) 255-6876
    sgerien@dpf-law.com
5   jdurand@dpf-law.com

6   Attorneys for Plaintiffs/Counterdefendants
    Jackson Family Wines, Inc.
7   and LC TM Holding, LLC

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  Jackson Family Wines, Inc. and LC TM          CASE NO. 3:21-cv-02322-JD
    Holding, LLC,
12                                                **PLAINTIFFS/COUNTERDEFENDANTS
                    Plaintiffs,                   JACKSON FAMILY WINES, INC. AND
13                                                LC TM HOLDING, LLC'S ANSWER TO
          vs.                                     COUNTERCLAIMS**
14
    E. & J. Gallo Winery,
15
                    Defendant.
16
    _____
17
    **AND RELATED COUNTERCLAIMS**
18

19        Plaintiff/Counterdefendant, Jackson Family Wines, Inc. ("JFW") and LC TM Holding,

20  LLC ("LC TM") (JFW and LC TM are referred to collectively as "Counterdefendants")

21  respond    to    each    of    the    numbered    paragraphs    of    the    Counterclaims    of

22  Defendant/Counterclaimant, E. & J. Gallo Winery ("Gallo") as follows:

23                          **NATURE OF THE ACTION**

24        1.    Counterdefendants admit that they filed this action and that the Complaint

25  speaks for itself.  Counterdefendants further admit that Gallo purports to bring an action for

26  declarative relief.  Counterdefendant denies that CASK & CREAM is dramatically different in

27  sight, sound and meaning from LA CREMA.  Counterdefendants deny that they have made

28  false representations in the Complaint.  Counterdefendants deny that the Complaint is unripe.

Counterdefendants are without sufficient information or knowledge as to the truth of the remaining allegations contained in paragraph 1 of the Counterclaims and on such basis deny such allegations.

## THE PARTIES

2.      Counterdefendants are without sufficient information or knowledge as to the truth of the allegations contained in paragraph 2 of the Counterclaims and on such basis deny such allegations.

3.      Admitted.

4.      Admitted.

## JURISDICTION AND VENUE

5.      Admitted.

6.      Admitted.

## FACTS

7.      Counterdefendants are without sufficient information or knowledge as to the truth of the allegations contained in paragraph 7 of the Counterclaims and on such basis deny such allegations.

8.      Admitted.

9.      Counterdefendants admit the allegations in the first sentence of paragraph 9 of the Counterclaims.  Counterdefendants deny the allegations in the second sentence of paragraph 9 of the Counterclaims.  Counterdefendants are without sufficient information or knowledge as to the truth of the allegations in the third sentence of paragraph 9 of the Counterclaims and on such basis deny such allegations.  Counterdefendants admit the allegations in the fourth sentence of paragraph 9 of the Counterclaims.

10.      Denied.

11.      Counterdefendants deny the allegations in the first sentence of paragraph 11 of the Counterclaims.  Counterdefendants are without sufficient information or knowledge as to the truth of the allegations in the second and third sentences of paragraph 11 of the Counterclaims and on such basis deny such allegations.

12.     Counterdefendants admit that they were aware of Gallo's use of the CASK & CREAM mark for a cream liqueur.  Counterdefendants further admit that they did not object to Gallo's use of the CASK & CREAM mark for spirits.  Counterdefendants are without sufficient information or knowledge as to the truth of the remaining allegations contained in paragraph 12 of the Counterclaims and on such basis deny such allegations.

13.     Counterdefendants admit the allegations in the first sentence of paragraph 13 of the Counterclaims.  Counterdefendants deny the allegations in the second and third sentences of paragraph 13 of the Counterclaims.  Counterdefendants admit the allegations in the fourth and fifth sentences of paragraph 13 of the Counterclaims.  Counterdefendants admit that to counteract that defense, Jackson asked Gallo to revise the goods description on Gallo's new application (U.S. Serial N. 85/825, 124) to register the CASK & CREAM mark from "alcoholic beverages except beers" to "distilled spirits" and denies the remainder of the allegations in the sixth sentence of paragraph 13 of the Counterclaims.  Counterdefendants are without sufficient information or knowledge as to the allegations in the seventh sentence of paragraph 13 of the Counterclaims and on such basis deny such allegations. Counterdefendants deny the allegations in the eighth sentence of paragraph 13 of the Counterclaims.

14.     Counterdefendants admit that based upon Gallo's representations in the 2013 letter, it did not object to Gallo's application to register the CASK & CREAM mark on "alcoholic beverages except beers."  Counterdefendants are without sufficient information or knowledge as to the truth of the remaining allegations contained in paragraph 14 of the Counterclaims and on such basis deny such allegations.

15.     Counterdefendants are without sufficient information or knowledge as to the truth of the allegations contained in paragraph 15 of the Counterclaims and on such basis deny such allegations.

16.     Counterdefendants are without sufficient information or knowledge as to the truth of the allegations contained in paragraph 16 of the Counterclaims and on such basis deny such allegations.

17.     Counterdefendants are without sufficient information or knowledge as to the truth of the allegations contained in paragraph 17 of the Counterclaims and on such basis deny such allegations.

18.     Counterdefendants are without sufficient information or knowledge as to the truth of the allegations contained in paragraph 18 of the Counterclaims and on such basis deny such allegations.

19.     Counterdefendants are without sufficient information or knowledge as to the truth of the allegations contained in paragraph 19 of the Counterclaims and on such basis deny such allegations.

20.     Counterdefendants are without sufficient information or knowledge as to the truth of the allegations in the first and second sentences of paragraph 20 of the Counterclaims and on such basis deny such allegations.  Counterdefendants further deny the allegations in the first and second sentences of paragraph 20 of the Counterclaims on such basis that they call for a legal conclusion.  Counterdefendants admit to the allegations in the third sentence of paragraph 20 of the Counterclaims.  Counterdefendants are without sufficient information or knowledge as to the truth of the allegations in the fourth and fifth sentences of paragraph 20 of the Counterclaims and on such basis deny such allegations.  Counterdefendants admit the allegations in the sixth sentence of paragraph 20 of the Counterclaims.

21.     Counterdefendants admit the allegations in the first sentence of paragraph 21 of the Counterclaims.  Counterdefendants are without sufficient information or knowledge as to the truth of the allegations contained in the second, third and fourth sentences in paragraph 21 of the Counterclaims and on such basis deny such allegations.

22.     LC TM file a Notice of Opposition with the TTAB opposing Gallo's U.S. Trademark Application Serial No. 88/341,661 for the mark CASK & CREAM for "wines" on July 8, 2020.  Counterdefendants admit the remaining allegations contained in paragraph 22 of the Counterclaims.

23.     Counterdefendants admit that counsel for the parties had conversations and email exchanges regarding Counterdefendant's opposition.  Counterdefendants deny that they

never challenged Gallo's registration of the CASK & CREAM mark.  Counterdefendants admit the allegations in the third sentence of paragraph 23 of the Counterclaims. Counterdefendants are without sufficient information or knowledge as to the truth of the remaining allegations contained in paragraph 23 of the Counterclaims and on such basis deny such allegations.

24.     Counterdefendants admit that Gallo served them with discovery requests. Counterdefendants further admit "[t]he meaning of the term 'LA CREMA' is the 'Best of the Vine'" is a response that they provided to an interrogatory request.  Counterdefendants deny that this response is inconsistent with any representations to the USPTO as the representation to the USPTO was that the *translation* of the words "la crema" into English is "the cream," but the *meaning* of the term LA CREMA as used by Counterdefendants as a brand is "Best of the vine."  Counterdefendants deny the remaining allegations contained in paragraph 24 of the Counterclaims as the opposition proceeding against the CASK & CREAM mark is suspended and the USPTO has not made a decision concerning confusing similarity with LA CREMA.

25.     Counterdefendants admit that it served Gallo with discovery requests in September 2020.  Gallo's responses were not timely as it failed to produce documents that were responsive to requests for production and only did so upon a threat of motion to compel. While Gallo made assertions that it was in the early stages of exploring whether to move forward with CASK & CREAM as a brand for wine, documents and information produced during discovery indicated that Gallo had produced wine to be labeled with the CASK & CREAM mark and that Gallo had plans to begin selling such wine to consumers in an online test-market environment in May of 2021.  Accordingly, Counterdefendants deny that Gallo had not made a decision to launch a CASK & CREAM wine.

26.     Counterdefendants admit the allegations contained in the first sentence of paragraph 26 of the Counterclaims.  Counterdefendants deny the remaining allegations in paragraph 26 of the Counterclaims as set forth by Gallo and further note that such communications are improperly included in Gallo's counterclaims in violation of Federal Rule of Evidence 408.

1

2

3

27.     Counterdefendants are without sufficient information or knowledge as to the truth of the allegations contained in paragraph 27 of the Counterclaims and on such basis deny such allegations.

4

5

6

7

8

28.     Counterdefendants admit that Gallo's FRCP 30(b)(6) witness was deposed on March 4, 2021.  Gallo's 30(b)(6) witness testified that Gallo had produced wine to be labeled with the CASK & CREAM mark and that Gallo planned to offer such wine for sale to consumers in an online test-market environment in May of 2021.  Accordingly Counterdefendants deny the remaining allegations in paragraph 28 of the Counterclaims.

9

29.     Denied.

10

30.     Admitted.

11

31.     Denied.

12

### FIRST COUNTERCLAIM

13

14

15

### FOR DECLARATORY RELIEF THAT GALLO'S CONDUCT DOES NOT CONSTITUTE INFRINGEMENT, DILUTION, FALSE DESIGNATION OF ORIGIN OR UNFAIR COMPETITION

16

17

32.     Counterdefendants incorporate by reference their responses to the allegations of paragraphs 1 through 31 of the Counterclaims.

18

33.     Admitted.

19

34.     Denied.

20

35.     Denied.

21

36.     Denied.

22

### SECOND COUNTERCLAIM

23

24

### FOR DECLARATORY RELIEF THAT GALLO HAS NOT ABANDONED ANY OF ITS FEDERAL REGISTRATIONS FOR THE CASK & CREAM TRADEMARK

25

37.     Admitted.

26

27

28

38.     Counterdefendants are without sufficient information or knowledge as to the truth of the allegations contained in paragraph 38 of the Counterclaims and on such basis deny such allegations.

DICKENSON PEATMAN & FOGARTY

39.     Counterdefendants are without sufficient information or knowledge as to the truth of the allegations contained in paragraph 39 of the Counterclaims and on such basis deny such allegations.

40.     Denied.

41.     Denied.

### PRAYER FOR RELIEF

Wherefore, Counterdefendants request that all of Gallo's Counterclaims and the relief requested be denied in their entirety and that judgment be entered in favor of Counterdefendants.

This constitutes an exceptional case such that Counterdefendants should be awarded their attorneys' fees pursuant to 15 U.S.C. § 1117(a).  Counterdefendants further request that they be awarded their costs and expenses.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

42.     The Counterclaims fail to state claims against Counterdefendants upon which relief can be granted.

Dated: July 1, 2021

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By
J. Scott Gerien
Joy L. Durand

1455 First Street, Suite 301
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiffs,
Jackson Family Wines, Inc.
and LC TM Holding, LLC